Matthew Gunn v. Rossman Law Group, Boise, Idaho Michael O'Connor v. Cymer, LLC That's haze and paper, of course. The haze and paper Supreme Court decision made it clear that decisions that can be analytically distinct from age do not create an inference of age discrimination unless the context suggests that somehow the employer was trying to get rid of, for example, more expensive workers. And that's the point of this case here. There's absolutely no evidence that Cymer was trying to eliminate more expensive workers or older workers, for that matter. In fact, the individual who replaced Mr. O'Connor was exactly his age, just three weeks younger. That individual still works for Cymer today. I thought he was eight years younger. There were two individuals. So the individual who first replaced Mr. O'Connor was three weeks younger than him. The second individual, four months later, that was replaced was eight weeks younger. That's correct, or eight years younger. Neither of them get to the presumption. That is correct. Neither of them get a presumption. I couldn't find this in the case law, and I suspect both of you are more expert on this than I. This presumption is not a sliding scale, is it? In other words, is it a bright line? If you're 10 years or more, there's a presumption. If you're 10 years or less, there's not. If you were nine years, 11 months, would there be something of a presumption? The case that established the 10-year presumption was, I believe, the Frost case, if I can find it here, but it was out of the Ninth Circuit Court of Appeals, and it said it is a presumption. It's a rebuttable presumption. Is it a bright line? It is. In other words, if you fall on one side of it, there's no presumption, the other side there is? Yes. 10 years is a bright line. It's rebuttable, but it's a bright line. But it's not contested in this case. They were not substantially younger. He was only eight years younger. I thought Mr. Robinson told the appellant that because of Mr. — the appellant's age, Mr. O'Connor's age, he wanted appellant out. And there was also another reference, I thought, in the record, and it may be the one that was being discussed earlier, where Mr. Robinson told Mr. O'Connor that he needed to find something else to do because apparently how the appellant interpreted it was because he might be too old for his job, for a field service job. And then it appears, I think, in June of 2014, or around that time, I'm not sure on the timing, the appellant reported that Mr. Robinson had referred to younger employees as supermen and had also made disparaging remarks about appellant's income. And then appellant reported that he felt like he was discriminated against for age. You don't think all of that meets the very low bar that we have established here, especially when we have to look at this in the light most favorable to the plaintiff, given the reasonable inferences to the plaintiff? I don't, Your Honor, for these reasons. First of all, you have just simply three comments, okay? It's not as if we have comments with something else that would suggest an inference of age discrimination. Well, and you have him saying he said so many comments over the two and a half years that were age discriminatory comments. And I know he doesn't identify them, but that's just dismissed out of hand? It's not dismissed out of hand, but it's the kind of conclusory statement that this Court has repeatedly said will not beat a summary judgment motion. You can't just simply say there were a hundred. Well, the exact quote is there were. Are we at summary judgment? We're trying to determine whether or not a prima facie case was established, correct? Correct. On that fourth prong. Correct. Okay. Go ahead. I just want to make sure we're on the same page. Okay. The comment, there were hundreds of comments, some good, some bad, some about age, some not, is exactly the kind of conclusory statement that this Court has said cannot be used to create an inference of discrimination because it's immeasurable. How do you know what those comments were? Some of them were good. Some of them were not good. Some of them about age. Some of them not. So it is impossible to give that any weight because it's simply a conclusory statement. And that's why I was asking your friend about specific statements. And he may not have identified his best one, but there sure are a lot of statements that along the lines of you've been here too long, you're making too much money, the younger people are smarter and make less money. You may well be able at a later stage of summary judgment to demonstrate that none of these were a pretext for discrimination. But don't they get them past stage one? I don't believe so, Your Honor, because, again, the second point I was going to raise about these comments is that they are badly misconstrued. As the Court pointed out in reading the deposition testimony. Well, that's why I think he can't rely on that one. But there's some other unequivocal times when he says, my boss told me I'd been here too long, my boss told me I was making too much money, my boss told me the younger people were smart and cost less. Isn't that enough to give rise to at least an inference of discrimination? It's not. Let's take the comment you're making too much money for starters. If I were to talk about a Google employee who is fresh out of college, 20 years old, and is making $100,000 a year, you might say, he's making too much money. And that's why Hazen Paper says that when a comment is not directly related to age or doesn't have some direct age-related problem, it can't be evidence to create an inference of age discrimination. But what about the you've been here too long? You've been here too long suggests that one of the reasons you're making so much money is you've gotten older. Examine the context of the you've been here too long comment I don't believe was ever actually attributed to Mr. Robertson. He was told that you've been with a company too long, you'll be sitting in Boise doing nothing. And that was the idea is that he was in Boise, and that's at ER 75, in Mr. Robertson's notes, as confirmed in ER 145 where he reported it to HR, he was concerned that he wasn't being effective in his job, that he'd been here long enough that he needed to find something to do because he wasn't doing enough to justify his salary. You seem to be taking all these comments in isolation. When you take them cumulatively, they give another impression. Well, the district court took them cumulatively. The district court looked at all the comments in context and said in context, they don't rise to the level to create an inference of discrimination. They don't meet that fourth prong of the McDonnell-Douglas test. We review that conclusion de novo. We do review that de novo, for sure. So this Court should look at all the evidence. And I would suggest that when the Court looks at all the evidence and compares the cases that are similar to this case, where there have been these kinds of comments that have been made, this case just simply doesn't measure up. So, for example, in the Nesbitt case, the Court said, you know, we don't necessarily like all the gray hair around here. This Court said that wasn't enough. In the Pottinger case, there was evidence that the employer had said, we were tired of the old management team, and it referred to the older workers as deadwood. This Court, again, said that wasn't enough. Or perhaps in the one of my favorite cases, actually, is Howard v. Rider Trucks, and that's a good example of what we're talking about here. It's not enough to throw out a couple of comments and suggest that that's going to get you past summary judgment. In Howard v. Rider Trucks, the district court entered summary judgment when the plaintiff had produced two comments, that one of the plaintiffs had been referred to as an old goat, and the other employee had been told, you're so old you should start exercising. So those were comments, cases that the Court looked at comparatively. But in addition, Howard produced, there were three plaintiffs, all of whom were older. One of them had been with the company for 36 years. They'd all been there more than 20 years. They were fired for a policy that had not been consistently enforced, and there was evidence that the company had been trying to save money. Its profits were down, and so the company had been trying to save money by reducing expenses, by letting older workers go and hiring younger ones who cost less. All of that evidence was presented to the district court. The district court still granted summary judgment, and this court affirmed. Was that summary judgment at stage one of the McDonnell-Douglas analysis? The court has ratified this point a couple of times, which is a good one. The McDonnell-Douglas case has two phases. Right. The initial phase of — You have to have a prima facie case to determine — You have to have a prima facie case. Or we don't go any further. That's correct. Then if we do, it's your burden to come back and show you had a nonprotextual reason, and then they can come back and show it was a pretext. So was Howard at phase one? Howard is a phase two case, actually. Yeah, and that's why I'm having some difficulty with these things. So in Howard, they came back with nonprotextual reasons, and the other side never could rebut it. Isn't that — So in Howard, on all that evidence, it survived stage one, didn't it? Well, it survived stage one because the plaintiffs were replaced by younger employees. We don't have that fact here. And, in fact, that suggests that as the court properly ruled, that the plaintiffs hadn't mustered sufficient evidence to overcome the presumption. So are there some — is there — just assuming my framework is right, which it may not be, do you have a phase one case where you think the evidence was greater than this and nonetheless sustained summary judgment? I believe I do, actually. If you give me just a second. And, you know, you can always provide a supplemental site if it's not at hand. We'll do that. I can look it up really quickly, though. I've got it here. I would suggest the court to Shetland v. Freescale Semiconductor. I'm sorry, say the first one. Shetland, S-C-H-E-I-T-L-I-N, v. Freescale Semiconductor. I believe it's a phase one case. And also — Why don't you give us a site for that while you've got it at hand? 465 Fed Appendix 698. And Pottinger v. Potlack, 329 F-3rd, 740. I believe both of those were first phase cases, the prima facie case cases. What were the facts in those? Pottinger was a former employee, brought a case under the ADA and the Idaho Human Rights Act, very much like this. The employee, I don't have the facts exactly right just yet, Your Honor. All right. All right? Thank you, Your Honor. Thank you. Thank you, Your Honors. I'll just make a couple of points here very briefly. I think, Your Honors, we're understanding the argument we're trying to make here. Your Honor, that it's not just the direct comments. It's not just the salary pay and tenure. It's not just the young techs being supermen. It's not just the circumstances of the PIP. It's all of that together looked at in the totality of those circumstances. These cases, the cases assessing the summary judgment burdens, consistently say that there isn't a smoking gun in these cases. That's why we zealously safeguard an employment discrimination plaintiff's ability to go to trial where we have the chance to weigh the credibility. But we're not talking about going to trial here. We're talking about getting to the next stage of a summary judgment analysis, aren't we? Correct, Your Honor. But the court made that statement in assessing whether or not summary judgment was appropriate, saying that these cases are ripe for trial when there's very little and minimal evidence because they're appropriate for finders of fact to consider, to weigh credibility, and to weigh all of the totality of the circumstances because employers aren't dumb. Smoking gun evidence never exists in these cases. We've been doing this for a long time, and there is never smoking gun evidence. One other point I want to make briefly, Symer is critical of Mr. O'Connor in his briefing in here today for these conclusory or self-serving allegations. Your Honors, in SEC v. Fan and Nigro v. Sears Roebuck, the Ninth Circuit has repeatedly said that the district court may not disregard a piece of evidence at the summary judgment stage solely based on its self-serving nature. An affidavit that is self-serving bears on its credibility, which the court can't weigh at the summary judgment stage, not on the cognizability for purposes of establishing a genuine issue of material fact. It must be taken as true at the summary judgment stage what Mr. O'Connor testified, that there were hundreds of horrible comments. Essentially, there were so many horrible comments that that's why I can't remember the specifics. It's not that there were so few, there were so many. Those have to be taken as true at the summary judgment stage. Thank you very much. I appreciate both your arguments here today, Mr. Gunn, Mr. Barton, thank you very much. The case of Michael O'Connor v. Symer, LLC, is now submitted.
judges: Murguia, Hurwitz, Gaitan